# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

ContentGuard Holdings, Inc.,

     Plaintiff,

v.

Google Inc.,

     Defendant.

CIVIL ACTION NO. 2:14-cv-61-JRG-RSP

Jury Trial Demanded

# DEFENDANT GOOGLE INC'S MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

# TABLE OF CONTENTS

I.    BACKGROUND ................................................................................................. 1

II.   DISCUSSION ................................................................................................... 2

      A.    The Complaint Fails To State A Claim For Direct Infringement
            Of The Patents-In-Suit. ................................................................................ 3

            1.    The Complaint Fails To Identify The Accused Products ........................... 3

            2.    The Complaint Fails To Plead Notice Of Infringement ............................ 6

            3.    The Complaint's Failure To Comply With Rule 10(b) Renders
                  The Claims Impermissibly Vague. .......................................................... 8

            4.    The Complaint Fails to Plead Facts to Support Its Allegations of Divided
                  Infringement ......................................................................................... 10

      B.    The Complaint Fails To State A Claim For Induced Infringement. .................... 11

            1.    The Complaint Fails Sufficiently To Allege Pre-Suit Knowledge Of The
                  Patents-In-Suit ...................................................................................... 12

            2.    The Complaint Fails To Allege That Google Possessed Specific Intent To
                  Induce Infringement By Third Parties. .................................................... 13

            3.    The Complaint Fails Sufficiently To Allege Infringement By a Third
                  Party. .................................................................................................... 15

      C.    The Complaint Fails To State A Claim For Contributory Infringement. ............. 16

            1.    The Complaint Fails Sufficiently To Plead Direct Infringement ............... 17

            2.    The Complaint Fails To Plead Pre-Suit Knowledge Of The Patents-In-Suit
                  Or Of Actual Infringement ..................................................................... 17

            3.    The Complaint Fails Adequately To Allege That The Accused
                  Components Have No Substantial Non-Infringing Uses. ......................... 18

            4.    The Complaint Fails To Plead Materiality ............................................... 20

      D.    The Complaint Fails To State A Claim For Willful Infringement ...................... 20

III.  CONCLUSION ............................................................................................... 22

## TABLE OF AUTHORITIES

**Cases**

*Achates Reference Publ'g Inc. v. Symantec Corp.*,
   No. 11-294, 2013 WL 693955 (E.D. Tex. Jan. 10, 2013) ........................................ 22

*Akamai Techs. Inc. v. Limelight Networks Inc.*,
   692 F.3d 1301 (Fed. Cir. 2012) ........................................ 10

*Arbitron Inc. v. Renda Broadcasting Corp.*,
   No. 13-716, 2014 WL 1268587 (M.D. Fla. Mar. 27, 2013) ........................................ 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................ 2, 6, 20

*Atlas IP, LLC v. Medtronic, Inc.*,
   Case No. 13-23309 (S.D. Fla. Mar. 17, 2014) ........................................ 10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................ 2

*In re Bill of Lading Transmission & Processing Sys. Patent. Litig.*,
   681 F.3d 1323 (Fed. Cir. 2012) ........................................ 3, 6, 8, 12

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
   No. 12-1111, 2013 WL 6058472 n.5 (D. Del. Nov. 18, 2013) ........................................ 11

*Brandywine Commc'ns techs. LLC v. Casio Computer Co.*,
   912 F. Supp. 2d 1338 (M.D. Fla. 2012) ........................................ 11

*Compare Irori Techs. Inc. v. Luminex Corp.*,
   No. 13-2647, 2014 WL 769435 (S.D. Cal. Feb. 25, 2014) ........................................ 18

*Desrouleaux v. Quest Diagnostics Inc.*,
   No. 09-61672, 2010 WL 1571188 (S.D. Fla. Apr. 20, 2010) ........................................ 10

*E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*,
   No. 11-7736, 2012 WL 4511258 n.5 (D. Del. Sept. 28, 2012) ........................................ 10

*Fujitsu Ltd. v. Netgear Inc.*,
   620 F.3d 1321 (Fed. Cir. 2010) ........................................ 17, 18

*Gen-Probe, Inc. v. Amoco Corp.*,
   926 F. Supp. 948 (S.D. Cal. 1996) ........................................ 6, 8, 13

*Global-Tech Appliances, Inc. v. SEB S.A.*,
   131 S. Ct. 2060 (2011) ........................................ 18

*Guzik Tech. Enters. Inc. v. W. Digital Corp.*,
   No. 11-3786, 2012 WL 1669355 (N.D. Cal. May 11, 2012) ........................................ 14

*Inmotion Imagery Techs. v. Brain Damage Films*,
  No. 11-414, 2012 WL 3283371 (E.D. Tex. Aug. 10, 2012) ............................................... 20, 22

*Intellectual Ventures I LLC v. Bank of Am. Corp.*,
  No. 13-358, 2014 WL 868713 (W.D.N.C. Mar. 5, 2014) ...................................................... 15

*Joe Hand Promotions, Inc. v. Creative Entm't, LLC*,
  __ F. Supp. 2d __, 2013 WL 5651803 (M.D. Fla. 2013) ........................................................ 9

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ......................................................................................... 3, 8

*Kyocera Wireless Corp. v. ITC*,
  545 F.3d 1340 (Fed. Cir. 2008) ........................................................................................ 13, 14

*Limestone Dev. Corp. v. Village of Lemont, Ill.*,
  520 F.3d 797 (7th Cir. 2008) ............................................................................................. 10, 20

*Littlefuse, Inc. v. Pac. Eng'g Corp.*,
  No. 12-14957, 2013 WL 4026918 (E.D. Mich. Aug. 7, 2013) ............................................... 7

*Macronix Int'l Co. v. Spansion Inc.*,
  __ F. Supp. 2d __, 2014 WL 934505 (E.D. Va. 2014) ........................................................... 9

*Marrese v. Am. Acad. of Orthopaedic Surgeons*,
  726 F.2d 1150 (7th Cir. 1984) ........................................................................................... 6, 20

*Meyers v. Textron Inc.*,
  540 Fed. Appx. 408 (5th Cir. 2013) ...................................................................................... 5

*Motion Games LLC v. Nintendo Co.*,
  No. 12-878 (E.D. Tex. Mar. 27, 2014) (Davis, J.) ................................................................ 12

*Norman IP Holdings LLC v. Chrysler Group*,
  (E.D. Tex. Mar. 31, 2013) ................................................................................................... 13

*Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*,
  No. 11-229, 2012 WL 9864381 (E.D. Tex. July 27, 2012) .................................................... 20

*Prism Techs. LLC v. AT&T Mobility LLC*,
  No. 12-122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ...................................................... 5

*Radiation Stabilization Sols. Inc. v. Varian Med. Sys., Inc.*,
  No. 11-7701, 2012 WL 3757489 (N.D. Ill. Aug. 28, 2012)................................................... 5

*Realtime Data LLC v. Stanley*,
  721 F. Supp. 2d 538 (E.D. Tex. June 10, 2010) .................................................................. 4, 21

*In re Seagate Tech. LLC*,
  497 F.3d 1360 (Fed. Cir. 2007) ........................................................................................... 21

*Straight Path IP Group Inc. v. Vonage Holdings Corp.*,
   No. 14-502, 2014 WL 1266623 (D.N.J. Mar. 26, 2014) ........................................................ 14

*Superior Indus., LLC v. Thor Global Enters. Ltd.*,
   700 F.3d 1287 (Fed. Cir. 2012) ...................................................................................... 12, 17

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308 (2007) ............................................................................................................... 5

*Tierra Intelectual Borinquen Inc. v. Toshiba Am. Info. Sys., Inc.*,
   No. 13-47, 2014 WL 605431 (E.D. Tex. Feb. 14, 2014) ........................................................ 8

*Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.*,
   Case No. 13-CV-38 (E.D. Tex. March 4, 2014) ........................................................... passim

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009) ...................................................................................... 12, 15

*Wistron Corp. v. Phillip M. Adams & Assocs.*,
   No. 10-4458, 2011 WL 4079231 (N.D. Cal. Sept. 12, 2011) .................................................. 5

*Zond Inc. v. SK Hynix Inc.*,
   No. 13-11591, 2014 WL 346008 (D. Mass. Jan. 31, 2014) .................................................. 13

**Statutes**

35 U.S.C. § 271 ............................................................................................................... 1, 9, 16

35 U.S.C. § 285 ..................................................................................................................... 2

**Rules**

Federal Rule of Civil Procedure 12(b)(6) ................................................................................ 1

Federal Rule of Civil Procedure 8(a)(2) .................................................................................. 2

Plaintiff ContentGuard Holdings, Inc.'s ("ContentGuard") Complaint lacks the factual allegations required to state a claim for direct or indirect patent infringement against Defendant Google Inc. ("Google").   Instead of pleading facts that could permit an inference of liability, ContentGuard offers only bare legal conclusions.   Google thus respectfully moves the Court to dismiss the Complaint's claims for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## I.      BACKGROUND

In this action, ContentGuard has sued Google for infringement of nine identified patents. The Complaint purports to allege claims of direct infringement, induced infringement, and contributory infringement against Google for each of the nine patents-in-suit.   (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, & 55.)   Each of the counts against Google is alleged with identical language, with the only difference between counts being the specific patent identified.   (*Id.*)   Representative paragraph 39, for example, alleges that:

> 39.      Google has been and is now directly infringing and/or indirectly infringing the '859 Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States products covered by at least one claim of the '859 Patent.  Google has notice of the '859 Patent.  Google actively induces content providers, device makers, and/or end users of devices made by Google and/or others to infringe the '859 Patent by, among other things, (a) providing access to content and "apps" that use the ContentGuard DRM solutions claimed in the '859 Patent, (b) providing instructions for using such content and "apps"; (c) providing advertisings for using such content and "apps" and (d) providing hardware and software components required by the claims of the '859 Patent.  Google engages in the foregoing activities because it specifically intends end users and device makers to use content and "apps" that deploy, and content providers to distribute content and "apps" that are protected by, the ContentGuard DRM solutions claimed in the '859 Patent.  Google thereby specifically intends end users, device makers, and content providers to infringe the '859 Patent.  Google derives revenue from both its own and the third-party infringers' infringing activities.  Google also contributorily infringes the '859 Patent because there is no

substantial non-infringing use of content and "apps" on devices that render them, including Google's own Nexus devices.

Finally, the Complaint contains a conclusory assertion of willful infringement, without specification as to the particular patents it is directed at, and without any factual allegations in support: "Google's infringement occurred with knowledge of and/or objective recklessness and thus has been and continues to be willful and deliberate.  Google's willful and deliberate infringement entitles ContentGuard to enhanced damages under 35 U.S.C. § 285." (*Id.* ¶ 56.)

## II.   DISCUSSION

To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face.  Under Federal Rule of Civil Procedure 8(a)(2), "a pleading must contained a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  "Detailed factual allegations are not required, but the facts plead must, when accepted as true, state a claim for relief that is 'plausible on its face,' *i.e.*, the facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Tierra Intellectual Borinquen, Inc. v. ASUS Computer Int'l, Inc.,* Case No. 13-CV-38, Slip Op. at 3 (E.D. Tex. March 4, 2014) (Gilstrap, J.) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Supreme Court explained in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009):

[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—that the pleader is entitled to relief.

Dismissal is warranted under Rule 12(b)(6) when the alleged facts offer no more than a "sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are 'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 1950.

### A.   The Complaint Fails To State A Claim For Direct Infringement Of The Patents-In-Suit.

In order to state a claim for direct infringement, a plaintiff must meet the requirements of Form 18 from the Appendix of the Federal Rules of Civil Procedure.  *See In re Bill of Lading Transmission & Processing Sys. Patent. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (holding that because Rule 84 states that the forms suffice to illustrate notice pleading, to the extent Form 18 conflicts with the pleading requirements of *Twombly* and *Iqbal*, Form 18 controls).  Adequate pleading under Form 18 requires, at least: (1) an allegation of jurisdiction; (2) a statement of patent ownership; (3) a statement that the defendant has infringed the patent "by making, selling, and using [the device] embodying the patent"; (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for relief.  *Bill of Lading*, 681 F.3d at 1334.  The Complaint fails to allege these elements.

### 1.   The Complaint Fails To Identify The Accused Products.

ContentGuard's Complaint fails to notify Google of which particular products or services, if any, are being accused of directly infringing ContentGuard's patents.  Although the requirements of Form 18 are not stringent, they are real and must be met to state a claim for direct infringement. In particular, the complaint must identify the defendant's product that is accused of infringement with enough specificity under the circumstances to give the defendant notice of the claim against it.  *See K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013) ("Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement.").  The Complaint falls short of

this requirement.  Each of the nine counts of infringement against Google[1] provides only a generic reference to "products":  "Google has been and is now directly infringing . . . the [] patent . . . by making, using selling, and/or offering for sale in the United States or importing into the United States *products* covered by at least one claim of the [] patent."  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, & 55 (emphasis added).)  This generic reference to "products" is insufficient to state a claim, even using Form 18.  *Realtime Data LLC v. Stanley*, 721 F. Supp. 2d 538, 543 (E.D. Tex. June 10, 2010) ("[D]irect infringement claims require a plaintiff to specifically identify any accused products, services, methods, or other infringing acts."; holding reference to "data compression products and/or services" insufficient).

Despite the generic reference to infringing "products" in the Complaint's assertions of infringement, the Complaint does include (in its preliminary allegations relating to Google) references to products "marketed under the trademark 'Nexus'", to the Android operating system, and to "Google Play, a digital platform for the distribution of movies, videos, music, books, 'apps,' and other digital content for the Android ecosystem."   (Compl. ¶¶ 14-16.)  Yet, the Complaint never makes clear, and certainly never specifically alleges, which of these Google products and services, if any, are actually being accused of infringement.  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, & 55.)  Even if the background references to the Nexus device, the Android OS, and Google Play could be inferred to indicate specific accused products, the Complaint still must be dismissed, as the references purport to identify not just these products, but other unidentified "server and client devices":

> Finally, Google makes, uses, offers to sell, and/or sells devices, including server and client devices, incorporating the Android OS and Google Play.  Google-made Android devices include those marketed under the trademark "Nexus."

---

[1] Because each of the nine infringement causes of action asserted against Google are identical except for the specific patent identified, this motion will discuss the allegations for each cause of action in a combined fashion, rather than address each count separately.

(*Id.*) ContentGuard's attempt to include unidentified "server and client devices"—and unidentified "hardware and software components", (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, & 55)—without ever specifically identifying which Google product(s) or service(s) are actually being accused of infringement, is improper and fails to comply with the Form 18 requirements. *See Prism Techs. LLC v. AT&T Mobility LLC*, No. 12-122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012) (dismissing direct infringement claim where complaint named two specific "exemplars" of defendant's accused services, but included "vague allegations" that various unnamed "wireless products and data services" also infringed); *Wistron Corp. v. Phillip M. Adams & Assocs.*, No. 10-4458, 2011 WL 4079231, at *4 (N.D. Cal. Sept. 12, 2011) (dismissing direct infringement claim where one accused product was specifically identified, but complaint also referred to "other products" as infringing without further identification); *Radiation Stabilization Sols. Inc. v. Varian Med. Sys., Inc.*, No. 11-7701, 2012 WL 3757489, at *2 (N.D. Ill. Aug. 28, 2012) (dismissing direct infringement claim where "at least" qualifier used before identification of two specific accused products).

Moreover, it is not at all clear that the Android operating system and/or Google Play can even be *considered* accused products for ContentGuard's claim of direct infringement. ContentGuard has characterized its own allegations against Google[2] as "requir[ing] elements found in hardware," such that software products (like Google Play) presumably do not form the basis for ContentGuard's direct infringement allegations. (ContentGuard's Opposition To Google's Motion To Stay, Or In The Alternative, To Transfer Venue, Dkt. 19, p. 2-3.) Moreover, the actual

---

[2] The Court can consider ContentGuard's statements regarding its own allegations in considering this Rule 12(b)(6) motion to dismiss, as they are "items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case." *Meyers v. Textron Inc.*, 540 Fed. Appx. 408, 409 (5th Cir. 2013), *citing Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007).

infringement allegations of the Complaint—Paragraphs 39, 41, 43, 45, 47, 49, 51, 53 & 55—never actually accuse the "content and 'apps'" of direct infringement; such "content and 'apps'" are only confusingly mentioned in connection with the inducement charge/sentence.  ContentGuard cannot be permitted to "unlock the doors of discovery" merely by making sweeping, non-specific and highly confusing infringement allegations against Google—allegations that do not even satisfy the minimum notice requirements of Rule 8 and Form 18.  *Iqbal*, 129 S. Ct. at 1950 ; *see Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1160 (7th Cir. 1984) (en banc), *rev'd in part on different grounds*, 470 U.S. 373 (1985) ("As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition.").  At a bare minimum, Google is entitled to know which of its products or services is being accused of infringement and on what legal basis (direct infringement, induced infringement, contributory infringement).  Assuming that ContentGuard complied with its Rule 11 obligations, it must have this information; and Rule 8 and Form 18 require ContentGuard to share it, rather than to hide it.  *See Gen-Probe, Inc. v. Amoco Corp.*, 926 F. Supp. 948, 962 (S.D. Cal. 1996) ("Rule 11's requirement of certification of the well-foundedness of the factual contentions of the complaint would be meaningless unless Rule 8(a)(2) required some minimum allegations of fact to support the claim.")  Because the Complaint simply does not adequately alert Google as to which of  its products is being accused of direct infringement, if any, the Complaint does not satisfy even the minimal notice requirement of Form 18 and must be dismissed pursuant to Rule 12(b)(6).

### 2.     The Complaint Fails To Plead Notice Of Infringement.

The Complaint further fails to comply with Form 18 in that it lacks allegations that "plaintiff has given the defendant notice of its infringement."  *Bill of Lading*, 681 F.3d at 1334. "With respect to the merits of the direct infringement claim, notice of infringement is an element

of the cause of action [as required by Form 18]." *Littlefuse, Inc. v. Pac. Eng'g Corp.*, No. 12-14957, 2013 WL 4026918, at *1 (E.D. Mich. Aug. 7, 2013). Each of the counts against Google alleges only that "Google has notice of the [] patent." (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55.) There are no allegations that Google was given notice of its alleged *infringement* of any patents-in-suit. The allegation that "Google has refused to pay for its use of ContentGuard's DRM technologies," (*id.* ¶ 33), does not meet the pleading requirement, both because (a) the Complaint defines "DRM technologies" to encompass "over 300 issued patents and 160 pending applications," *not* the patents-in-suit, and there is no allegation that Google was given notice of the patents-in-suit *or* their alleged infringement prior to being served with the Complaint, (*id.* ¶ 30), and (b) similar allegations regarding negotiations have been held to be insufficient. *See Littlefuse, Inc. v. Pac. Eng'g Corp.*, No. 12-14957, 2013 WL 7045053, at *3 (E.D. Mich. June 21, 2013) ("While plaintiff asserts that notice of PEC America's infringement should be imputed from the parties' settlement negotiations, this argument runs contrary to established precedents barring the mention of compromise materials at the pleadings stage when they are proffered to demonstrate liability.").

Moreover, it is not sufficient for ContentGuard simply to assume that the notice provided by the Complaint, itself, satisfies the Form 18 pleading requirements, as such assumption improperly would make the notice of infringement pleading requirement a nullity.[3] As explained in *Littlefuse*:

> Plaintiff's assertion that the instant complaint can serve as written notice under Form 18 also lacks merit. The language of Form 18 specifically contemplates that plaintiff afford defendants notice of their infringement *before* filing the complaint. Paragraph 4 of Form 18 provides that a sufficient pleading must contain a statement that "[t]he plaintiff . . . *has given* the defendant written notice of the infringement."

---

[3] While this pleading requirement may seem like a technical point, ContentGuard's reliance on Form 18 pleading requirements, rather than even attempting to meet the factual plausibility pleading requirements of *Twombly* and *Iqbal*, requires that at least those Form 18 standards be met.

The usage of the past tense indicates that notice of infringement must, in fact, precede the complaint in which such a statement appears.  Furthermore, plaintiff's interpretation of Form 18 would render the notice of infringement element completely superfluous as any plaintiff could satisfy this requirement by merely filing suit.

2013 WL 4026918, at *2.

### 3.    The Complaint's Failure To Comply With Rule 10(b) Renders The Claims Impermissibly Vague.

ContentGuard's combination of multiple, potentially inconsistent infringement allegations in a single paragraph (for each count) renders the Complaint impermissibly vague.   Upon inspection of the Complaint, Google is not only unsure which of its products or services is actually being accused, but Google is further unsure whether it is being charged with infringing the patents-in-suit directly, indirectly, or both.  ContentGuard had, and has, a Rule 11 obligation to investigate and to form a reasonable basis for its allegations before filing its Complaint; and ContentGuard had, and has, a Rule 10 obligation to "promote clarity" by setting forth its separate claims (*e.g.*, direct infringement vs. induced infringement vs. contributory infringement) in separate paragraphs, and with enough factual support to make those claims "plausible on [their] face." *Tierra*, Slip Op. at 3 (Gilstrap, J.) ("[T]he facts pled must allow the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged.")  ContentGuard's deliberate and confusing conflation of all of its infringement theories into one numbered paragraph (for each count) falls well short of meeting these obligations.  *See K-Tech Telecommns.*, 714 F.3d at 1284 n.2 ("Satisfaction of Form 18 does not guarantee compliance with Rule 11."); *Tierra Intelectual Borinquen Inc. v. Toshiba Am. Info. Sys., Inc.*, No. 13-47, 2014 WL 605431, at *2 (E.D. Tex. Feb. 14, 2014) (Form 18 must be used "within the bounds of Rule 11"); *Bill of Lading*, 681 F.3d at 1336-37 (Form 18 does not apply to indirect infringement); *Gen-Probe*, 926 F. Supp. at 962 ("Rule 11's requirement of certification of the well-foundedness of the factual contentions of the

complaint would be meaningless unless Rule 8(a)(2) required some minimum allegations of fact to support the claim.").[4]

Importantly, ContentGuard's Complaint not only combines its causes of action for direct, induced and contributory infringement of each asserted patent into a single paragraph for each count, (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55), in direct violation of Rule 10(b), it combines them into one sentence with four "and/or" conjunctions, leading to impermissible vagueness as to exactly what claims are being asserted, and what infringement accusations are being made, against Google:

> Google has been and is now *directly infringing and/or indirectly infringing* the [] Patent by way of inducement and/or contributory infringement, literally and/or under the doctrine of equivalents, in this District, and elsewhere, in violation of 35 U.S.C. § 271, including by making, using, selling, and/or offering for sale in the United States or importing into the United States products covered by at least one claim of the [] Patent.

 (*Id.* (emphasis added)); *see Arbitron Inc. v. Renda Broadcasting Corp.*, No. 13-716, 2014 WL 1268587, at *7 (M.D. Fla. Mar. 27, 2013) ("discrete claims should be pled in separate counts"). Use of the "and/or" in this manner is impermissible, because it allows a plaintiff to avoid Rule 11 sanctions by pleading a cause of action against a defendant even if the plaintiff does not have the required factual basis to do so, by pairing an unsupported claim with a claim that may have a factual basis via use of the "and/or" connection.  *See Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, __ F. Supp. 2d __, 2013 WL 5651803, at *3 (M.D. Fla. 2013) ("The Complaint's usage of several 'and/or' conjunctions among other ambiguities, make the allegations against Defendants vague and ambiguous."); *E.I. du Pont de Nemours & Co. v. Heraeus Holding GmbH*, No. 11-7736,

---

[4] As recently noted by another district court, "[t]he current practice is to file a Form 18 complaint and then, using claim charts, prior art charts, discovery, and motions, to pare claims that ought not to have been brought or that cannot withstand careful scrutiny.  That process has proven to be an increasingly expensive proposition for the parties and one that takes a tremendous toll on already strained judicial resources." *Macronix Int'l Co. v. Spansion Inc.*, __ F. Supp. 2d __, 2014 WL 934505, at *6 (E.D. Va. 2014).

2012 WL 4511258, at *7 n.5 (D. Del. Sept. 28, 2012) ("The use of this conditional language is disfavored by our Court, as it does not give defendants (or the Court) a clear indication as to what claims are being asserted in a complaint."); *see also Atlas IP, LLC v. Medtronic, Inc.*, Case No. 13-23309, Slip Op. at 4 (S.D. Fla. Mar. 17, 2014) (disapproving "deliberate use of the ambiguous words 'and/or'" in pleading to meet joinder requirements).  Although violation of the Rule 10(b) directive to present different claims in different numbered paragraphs normally does not require dismissal of a complaint, where, as here, it leads to impermissible vagueness as to the causes of action being pled, dismissal is proper.  *See Desrouleaux v. Quest Diagnostics Inc.*, No. 09-61672, 2010 WL 1571188, at *2 (S.D. Fla. Apr. 20, 2010) (dismissing count for including two claims in "and/or" fashion, making causes of action impermissibly ambiguous); *see also Limestone Dev. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 802-03 (7th Cir. 2008) ("[*Twombly*] . . . teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case.")

### 4.    The Complaint Fails to Plead Facts to Support Its Allegations of Joint Infringement.

As this Court recently noted, "In order to be liable for direct infringement . . . a single party, either personally or vicariously, must commit all the acts necessary to infringe the patent.  A person who does *not* infringe each limitation of a claimed patent is thus *not* liable for infringement." *Tierra*, Slip Op. at 6 (Gilstrap, J.) (*citing Akamai Techs. Inc. v. Limelight Networks Inc.*, 692 F.3d 1301, 1307 (Fed. Cir. 2012)).  The allegations of the Complaint (and ContentGuard's own characterization of those allegations in its recent briefs) make clear that the alleged direct infringement by the Android operating system and/or by Google Play, if any, requires the use of third-party hardware, which is not made, used or sold by Google, or requires the actions of end users.  (*e.g.*, Am. Compl. ¶ 39 ("Google engages in the foregoing activities because it specifically

intends end users and device makers to use content and 'apps' that deploy, and content providers to distribute content and 'apps' that are protected by, the ContentGuard DRM solutions claimed in the '859 Patent."); ContentGuard's Opposition To Google's Motion To Stay, Or In The Alternative, To Transfer Venue, Dkt. 19, p. 9 ("ContentGuard's Claim against Google--which encompasses claims for both direct and indirect infringement--require the use of Google Play 'apps' on ***hardware made by third parties***, including the defendants in the Amazon Action." (emphasis in original).)   But such an allegation of joint infringement, wherein the alleged infringement is accomplished with more than one party performing steps of a patented method, requires factual allegations to support the inference that one party controls the other parties' infringing actions.  *See Akamai*, 692 F.3d at 1307; *Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-1111, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013) ("[A] complaint must set forth facts from which the court may infer that one party so thoroughly controls the entire performance of the claimed method that the steps that the party does not complete are nevertheless attributable to that party."); *Brandywine Commc'ns techs. LLC v. Casio Computer Co.*, 912 F. Supp. 2d 1338, 1350 (M.D. Fla. 2012) (holding that Form 18 does not suffice to plead a direct infringement claim involving divided infringement, which requires the additional element of control and direction over the other party).  The Complaint is completely devoid of *any* allegation that Google controls the third-party hardware manufacturers or end users; the Complaint certainly does not allege any *facts* that could support such inferences.  ContentGuard's direct infringement claim against Google, as pled, is thus insufficient to state a claim and must be dismissed pursuant to Rule 12(b)(6).

**B.**      **The Complaint Fails To State A Claim For Induced Infringement.**

11

As Form 18 applies only to direct infringement, the remaining claims in the Complaint are subject to the pleading requirements set forth in *Twombly* and *Iqbal*, requiring sufficient *facts* to be pled to make liability plausible, not merely possible. *See Superior Indus., LLC v. Thor Global Enters. Ltd.*, 700 F.3d 1287, 1295 (Fed. Cir. 2012) (Form 18 does not apply to indirect infringement claims); *Motion Games LLC v. Nintendo Co.*, No. 12-878, Slip Op. at 11 (E.D. Tex. Mar. 27, 2014) (Davis, J.). A claim for induced infringement requires factual allegations sufficient to establish that the defendant (1) knew of the patent; (2) knowingly induced direct infringement; and (3) possessed a specific intent to encourage third parties' infringement of the patent. *See Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009); *Tierra*, Slip Op. at 3 (Gilstrap, J.).

### 1. The Complaint Fails Sufficiently To Allege Pre-Suit Knowledge Of The Patents-In-Suit.

A claim for induced infringement must allege that the defendant had knowledge of the patents-in-suit. *Akamai*, 692 F.3d at 1308. The Complaint provides only the conclusory assertion that "Google has notice of the [] Patent," with *no* factual allegations to support this assertion. (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55.) This is insufficient to support ContentGuard's induced infringement claim. *See Tierra*, Slip Op. at 5 (Gilstrap, J.) ("[V]ague allegations . . . are not sufficient by themselves; the Court must be willing to examine the plausibility of the Complaint in light of the relevant documents themselves.") (*quoting In re Bill of Lading*, 681 F.3d at 1342 ("In some circumstances, failure to allege facts that plausibly suggest a specific element or elements of a claim have been practiced may be fatal in the context of a motion to dismiss.").) Although some courts have held that the knowledge-of-patent requirement is met by the notice provided in a complaint, itself, as to support a claim for *post*-complaint inducement, application of this procedure would result in a violation of Rule 11 in cases such as the present one, where the

Complaint affirmatively asserts that Google "has notice of the patent", suggesting *pre*-complaint notice.  In the absence of facts to support such suggestion of *pre*-complaint notice, the allegation is false, and its inclusion may violate Rule 11.  *See Zond Inc. v. SK Hynix Inc.*, No. 13-11591, 2014 WL 346008, at *3 n.4 (D. Mass. Jan. 31, 2014); *Gen-Probe*, 926 F. Supp. at 962 ("Rule 11's requirement of certification of the well-foundedness of the factual contentions of the complaint would be meaningless unless Rule 8(a)(2) required some minimum allegations of fact to support the claim.").  At a minimum, the induced infringement claim must be dismissed at least as to *pre*-suit conduct, as there are no factual allegations to support Google's knowledge of the patents-in-suit prior to service of the Complaint.  *See Norman IP Holdings LLC v. Chrysler Group*, Slip Op. at 5 (E.D. Tex. Mar. 31, 2013) (Love, M.J., adopted by Davis, J.) (granting motion to dismiss induced infringement claim as to pre-suit knowledge, where complaint failed to alleged defendant's knowledge of patents prior to the filing of the complaint).

### 2.     The Complaint Fails To Allege That Google Possessed Specific Intent To Induce Infringement By Third Parties.

Induced infringement is "not a strict liability tort"; it requires that the defendant "knowingly induced infringement and possessed specific intent to encourage another's infringement." *Akamai*, 692 F.3d at 1308.  "[T]he specific intent necessary to induce infringement requires more than just intent to cause the acts that produce direct infringement.  Beyond that threshold knowledge, the inducer must have an affirmative intent to cause direct infringement." *Kyocera Wireless Corp. v. ITC*, 545 F.3d 1340, 1354 (Fed. Cir. 2008); *see also Tierra*, Slip Op. at 8 (Gilstrap, J.) (dismissing an inducement claim pursuant to Rule 12(b)(6), stating "In order to be sufficient for a finding of specific intent, however, the evidence must prove something *more* than the defendant's knowledge that its products may be used for infringement.  The intent prong of induced infringement requires 'the inducement must involve the taking of affirmative steps to

13

bring about the desired result.' In the absence of such evidence, a defendant is not liable for induced infringement.  It is this requirement for affirmative evidence that separates an intent or purposefulness standard of mens rea from one of mere knowledge." (internal citations omitted)); *Guzik Tech. Enters. Inc. v. W. Digital Corp.*, No. 11-3786, 2012 WL 1669355, at *3 (N.D. Cal. May 11, 2012) ("[K]nowledge of the patents alone is insufficient to establish the mental state required for an indirect infringement claim.").

The Complaint alleges only that Google provides access to and instructions for unidentified "content and apps", advertising for using the "content and apps", and unspecified "hardware and software components," and then the Complaint conclusorily asserts that Google had specific intent to induce infringement.  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55 ("Google engages in the foregoing activities because it specifically intends end users and device makers to use content and 'apps' that deploy, and content providers to distribute content and 'apps' that are protected by, the ContentGuard DRM solutions claimed in the [] Patent.  Google thereby specifically intends end users, device makers, and content providers to infringe the [] Patent.").)  This is insufficient to support the required inference that Google specifically intends end users, device makers or content providers to directly infringe ContentGuard's patents.  *See Kyocera*, 545 F.3d at 1354; *Motion Games*, Slip Op. at 11 (Davis, J.) (dismissing inducement claim where "The complaint . . . fails to allege any facts that establish a plausible inference that [Defendant] had the specific intent to induce consumer users to infringe, and knowledge that those actions amounted to infringement."); *Straight Path IP Group Inc. v. Vonage Holdings Corp.*, No. 14-502, 2014 WL 1266623, at *3 (D.N.J. Mar. 26, 2014) (finding similar allegations that a defendant "knowingly instructed its customers to use the Accused Products," and "specifically intended for its customers to use the Accused Products and thereby infringe the Patent", to be insufficient, as they "amount to a threadbare recitation of the necessary elements").

14

The allegation that Google provides instructions and advertising for unidentified "content and 'apps'" does not save ContentGuard's claim, as these facts, by themselves, do not support a reasonable inference that Google possessed specific intent to induce *infringement* of the patents-in-suit. *See Tierra*, Slip Op. at 13 (Gilstrap, J.) ("Though the User Guide may plausibly instruct consumers to infringe on [Plaintiff's] patents, [Defendant's] sale of the TF700 does not support an inference of specific intent to induce infringement, even assuming that [Defendant] knew that ASUS deliberately induced infringement in its User Guide. None of the facts as pled allege the affirmative steps to induce infringement that are necessary to survive a motion to dismiss under Rule 12(b)(6)."); *Vita-Mix*, 581 F.3d at 1329 (defendant's providing of product instructions directing an infringing use did not support a specific intent to encourage infringement, as defendant could have reasonably believed instructions directed non-infringing use); *Norman IP*, Slip Op. at 6 (Love, M.J., adopted by Davis, J.) (allegation that Toyota induced infringement of patents by "providing related services, specifications, and instructions for the installation and infringing operation of systems such as Safety Connect and Lexus Enform" too conclusory to state claim); *Intellectual Ventures I LLC v. Bank of Am. Corp.*, No. 13-358, 2014 WL 868713, at *2 (W.D.N.C. Mar. 5, 2014) ("To survive a motion to dismiss for an induced infringement claim, Plaintiffs' complaint should have alleged facts that plausibly demonstrated that Defendants not only *intended* their customers to infringe the asserted patent, but also *knew* that the customers' acts constituted infringement.").

### 3. The Complaint Fails Sufficiently To Allege Infringement By a Third Party.

Induced infringement requires that that alleged acts of inducement lead to actual infringement. *Akamai*, 692 F.3d at 1308. The Complaint lacks any allegations of such direct infringement induced by Google's acts. While ContentGuard alleges that Google provides access

to and instructions for unspecified "content and 'apps'" and conclusorily asserts that Google "specifically intends" "end users, device makers, and content providers" to infringe the patents, there is no allegation of actual infringement by end users or content providers. (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55.) The Complaint certainly does not include even cursory factual allegations suggesting *how* "end users, device makers, and content providers" might be found to be direct infringers. Indeed, the vagueness of ContentGuard's direct infringement allegations is compounded by the fact that the Complaint actually and confusingly suggests, without supporting factual allegations, that *four* disconnected parties (or groups) are direct infringers: Google, device makers, end users, and content providers. Such unexplained and seemingly contradictory infringement allegations make it impossible for Google to ascertain and understand exactly what claims are being asserted, and which third party allegedly is performing the infringement that Google purportedly induces.

### C.      The Complaint Fails To State A Claim For Contributory Infringement.

A defendant is liable for contributory infringement if it sells, offers to sell, or imports into the United States:

> a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

35 U.S.C. § 271(c). The required elements for pleading a contributory infringement claim are (1) direct infringement; (2) knowledge of the patent by defendant; (3) the component has no substantial noninfringing uses; and (4) the component is a material part of the invention. *See Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1326 (Fed. Cir. 2010). "[C]laims for indirect infringement must be judged by the pleading standards articulated in *Twombly* and *Iqbal*. . . .[T]he

16

Court determines whether the complaint states a plausible claim for relief by examining the complaint in context and relying on the Court's own judicial experience and common sense." *Motion Games*, Slip Op. at 6 (Love, M.J., adopted by Davis, J.).

### 1.    The Complaint Fails Sufficiently To Plead Direct Infringement.

As with induced infringement, the Complaint lacks sufficient, or even consistent, allegations of direct infringement to support its contributory infringement charge, which must comply with pleading requirements set forth in *Twombly* and *Iqbal.  See Superior Indus.*, 700 F.3d at 1295 (Form 18 does not apply to indirect infringement claims).  While ContentGuard summarily suggests that "end users, device makers, and content providers" infringe the patents, there is no actual allegation of direct infringement by or against end users, device makers, or content providers.  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55.)  Again, the Complaint does not include even cursory factual allegations suggesting *how* "end users, device makers, and content providers" might be found to be direct infringers.  ContentGuard's vague, unsupported and seemingly contradictory direct infringement allegations[5] once more make it impossible for Google to ascertain and understand exactly what infringement accusations are being advanced by ContentGuard.

### 2.    The Complaint Fails To Plead Pre-Suit Knowledge Of The Patents-In-Suit Or Of Actual Infringement.

Like a claim of induced infringement, a claim of contributory infringement requires allegations of knowledge of the patent by the defendant, *Global-Tech Appliances, Inc. v. SEB S.A.*,

---

[5] According to ContentGuard's single, undifferentiated infringement allegation paragraph against Google for each asserted patent, (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 5, & 55), who exactly is the direct infringer—Google?  End users? Device Makers? Content Providers?  Google cannot fairly prepare its defense(s) unless it can ascertain at least this basic requirement for contributory and inducement liability from ContentGuard's pleading.

131 S. Ct. 2060, 2068 (2011), and knowledge of actual infringement, *Fujitsu*, 620 F.3d at 1326. For the same reasons as discussed for induced infringement, the Complaint fails to allege *facts* sufficient to establish (a) that Google knew of the patent(s) prior to service of the Complaint (such that at least the *pre*-suit portion of this claim must be dismissed); or (b) that Google was aware of direct infringement by any third party.  *Compare Irori Techs. Inc. v. Luminex Corp.*, No. 13-2647, 2014 WL 769435, at *5 (S.D. Cal. Feb. 25, 2014) ("Although post-filing knowledge may suffice to allow a plaintiff to state a claim for post-filing inducement, [plaintiff] does not allege such knowledge and provides no basis to conclude that any knowing inducement has already taken place.").

### 3.      The Complaint Fails Adequately To Allege That The Accused Components Have No Substantial Non-Infringing Uses.

A contributory infringement claim requires factual allegations to support the inference that the accused component sold by the defendant has no substantial noninfringing uses.  *Fujitsu*, 620 F.3d at 1326.   As a preliminary matter, it is unclear in the Complaint what the accused "component" is for purposes of the contributory infringement claim.   As discussed above in the section on direct infringement, the counts against Google generically identify only Google "products" as accused of infringement; even incorporating the background allegations regarding Google into these counts, the single accused product is the Nexus device.  *See supra* at pp. 3-6. No other accused product or "component" sold or offered for sale by Google is identified. Indeed, while ContentGuard alleges that inducement is present because Google provides "access to", "instructions for" and "advertising for" the use by end users and device makers of unspecified "content and 'apps'", there is no discernible allegation that the "content and 'apps'", either alone or as part of the Nexus device, actually infringe any claims of the identified patents.  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53 & 55.)  While the infringement allegations do make a vague and

18

factually insufficient reference to generic "hardware and software *components*" "provided by" Google, the failure to identify these "components" with any more specificity cannot suffice to state a claim.  (*Id*.)  Thus, the only product of Google even arguably accused by ContentGuard is the Nexus device.

Critically, the Complaint does not (because it plausibly cannot) include the necessary allegation that *the Nexus device* has no substantial non-infringing use; the Complaint only improperly asserts that "there is no substantial non-infringing use of *content and 'apps'* on devices that render them, including Google's own Nexus devices"  (Compl. ¶ 39 (emphasis added).)  Of course, the Court need only rely on its "own judicial experience and common sense",  *Motion Games*, Slip Op. at 6 (Love, M.J., adopted by Davis, J), to conclude that the Nexus device is capable of thousands (if not millions) of substantial non-infringing uses - a fact which is verified by the very websites that ContentGuard cites as support for its infringement allegations. (Compl. ¶ 39 n.1 (last listed link to Nexus Guidebook).)  Such deliberately misdirected and unsupported conclusion of "no substantial non-infringing uses" is insufficient to state a claim under Rule 12(b)(6). *See Motion Games*, Slip Op. at 12 (Davis, J.) (dismissing pursuant to Rule 12(b)(6) contributory infringement claim including only conclusory statement that Defendant's accused products "do not have substantial non-infringing uses").

Even if the "content and 'apps'" could be viewed as the accused Google component (which they cannot), the Complaint includes none of the necessary factual allegations that would support the inference that the "content and 'apps'" have no substantial noninfringing uses; the Complaint includes only the legally insufficient, conclusory assertion that this is so.  (Compl. ¶¶ 39, 41, 43, 45, 47, 49, 51, 53, & 55.)  A pleading must include "*facts* that allow an inference that the components have no substantial non-infringing uses." *Motion Games*, Slip. Op. at 12 (Love, M.J., adopted by Davis, J.); *Inmotion Imagery Techs. v. Brain Damage Films*, No. 11-414, 2012 WL

3283371, at *3-4 (E.D. Tex. Aug. 10, 2012) (dismissing contributory infringement claim that failed to allege facts to support an inference that components lacked any non-infringing uses); *Patent Harbor LLC v. DreamWorks Animation SKG, Inc.*, No. 11-229, 2012 WL 9864381, at *5 (E.D. Tex. July 27, 2012) (same).

### 4.    The Complaint Fails To Plead Materiality.

A contributory infringement claim further requires factual allegations to support the inference that the defendant's accused component is a "material part" of the infringing combination.  As just discussed, the Complaint fails to allege that the "content and 'apps'" are even components of the Nexus devices (or any other unspecified Google products), much less that they are a material part of the combination.  *Norman IP*, Slip Op. at 6-7 (Love, M.J., adopted by Davis, J.) (allegations failed to plead sufficient facts that identified Toyota systems as material to practicing and especially adapted for use in the operation of automotive microcontrollers, where only conclusory statement of materiality alleged); *Motion Games*, Slip. Op. at 12 (Love, M.J., adopted by Davis, J.) (conclusory allegations of materiality insufficient to state claim).

Ultimately, ContentGuard's Complaint fails to include even the minimum allegations necessary to support claims against Google for contributory infringement and/or induced infringement.  Accordingly, those claims properly should be dismissed pursuant to Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1950; *see Limestone*, 520 F.3d at 802-03 ("[*Twombly*] . . . teaches that a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case."); *Marrese,* 726 F.2d at 1160.

### D.    The Complaint Fails To State A Claim For Willful Infringement.

ContentGuard has no basis for alleging willful infringement by Google.  A claim for willful

infringement requires the plaintiff to plead facts that establish that: (1) there was an objectively high likelihood that the defendant's activities constituted infringement of a valid patent; and (2) either the defendant subjectively knew of the risk of infringement or the risk of infringement was so obvious, the defendant should have known of the risk.  *See In re Seagate Tech. LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  At the pleading stage, the plaintiff must establish a good-faith basis for alleging willful infringement.  *Id.* at 1374 ("[W]hen a complaint is filed, a patentee must have a good faith basis for alleging willful infringement."); *Norman IP*, Slip Op. at 10 (Love, M.J., adopted by Davis, J.) ("[A]t the pleading stage, a plaintiff alleging willful infringement should provide enough facts that, when taken as true, show objective recklessness of the infringement risk.").  Willfulness "largely depend[s] on an infringer's pre-litigation conduct."  *Realtime Data*, 721 F. Supp. 2d at 545 (dismissing conclusory allegation of willfulness devoid of supporting facts).

Here, ContentGuard makes only a conclusory assertion regarding willful infringement, with no supporting facts: "Google's infringement occurred with knowledge of and/or objective recklessness and thus has been and continues to be willful and deliberate."  (Compl. ¶ 56.)  The allegations are even devoid of any indication which patents are alleged to have been willfully infringed.  The Complaint further lacks any facts that would suggest ContentGuard has a good-faith basis for alleging willful infringement.  As noted, although ContentGuard does allege that Google "has refused to pay for its use of ContentGuard's DRM technologies," (*id.* 33), it defines its "DRM technologies" as "its extensive portfolio of DRM patents and patent applications, which was developed during the past two decades and now comprises over 300 issued patents and 160 pending applications," *not* the patents-in-suit. (*id.* 30.)  Courts uniformly have dismissed such conclusory attempts to allege willful infringement.  *Norman IP*, Slip. Op. at 10 (Love, M.J., adopted by Davis, J.); *Achates Reference Publ'g Inc. v. Symantec Corp.*, No. 11-294, 2013 WL 693955, at *3 (E.D. Tex. Jan. 10, 2013) ("The Court finds that the bare assertion that Symantec's

infringement was willful is not sufficient to plead a plausible claim for relief."); *Inmotion*, 2012 WL 3283371, at \*4 ("The Complaint does not allege any particular facts that would demonstrate Inmotion's good faith basis for alleging willful infringement.  There Galaxy's Motion to Dismiss the Complaint's willful infringement claim is Granted.").  The willful infringement claim must therefore be dismissed.

## III.     CONCLUSION

For the foregoing reasons, Google respectfully requests that the Court dismiss the Complaint's claims against Google, Inc. pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated: April 11, 2014                              Respectfully submitted,

**MANN | TINDEL | THOMPSON**
300 West Main Street
Henderson, Texas 75652
(903) 657-8540
(903) 657-6003 (fax)

By: _____*/s/ J. Mark Mann*_____
   **J. Mark Mann**
   State Bar No. 12926150
   **G. Blake Thompson**
   State Bar No. 24042033

Attorneys for Google Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) and served via the Court's electronic filing system on all counsel who have consented to electronic service on this the 11th day of April, 2014.


_____*/s/ J. Mark Mann*_____
**J. Mark Mann**