IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Google Inc., <br><br> Defendant. | CIVIL ACTION NO. 2:14-cv-61 <br> Jury Trial Demanded |

**DEFENDANTS' EMERGENCY MOTION TO PRECLUDE CONTENTGUARD FROM PRESENTING LIVE TESTIMONY FROM DR. GOODRICH <u>AT THE FEBRUARY 6 CLAIM CONSTRUCTION HEARING</u>**

Just a few days before the upcoming February 6 claim construction hearing in this case, Plaintiff ContentGuard Holdings, Inc. notified Defendants for the first time that it planned to call its expert witness, Michael Goodrich, to offer live testimony even though it unequivocally stated in its Patent Rule 4-3 disclosures that it would rely only on Dr. Goodrich's declaration. Allowing ContentGuard to present this live testimony without the advance notice to Defendants required by the Local Patent Rules will result in substantial prejudice to Defendants and should not be allowed.

I.  **ContentGuard Did Not Disclose in Its Patent Rule 4-3 Disclosures that It Would Rely on Live Testimony at the Claim Construction Hearing**

Patent Local Rule 4-3(d) requires parties to file a Joint Claim Construction Chart and Prehearing Statement that identifies whether it "proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert . . . ." Patent Rule 4-3(d). "Both the letter and the spirit of the Patent Rules require early and complete disclosure of extrinsic evidence relevant to claim construction." *Lodsys, LLC v. Brother Int'l Corp.*, No. 2:11-cv-90, 2013 WL 6442185, at *1 (E.D. Tex. Mar. 12, 2013).

On November 19, 2014, the parties filed their joint claim construction and prehearing statement, and ContentGuard stated twice that it "may rely upon testimony *(by declaration)* from Dr. Michael Goodrich." (Dkt. No. 292 at 3 (emphasis added); Dkt. No. 292-3 at 2.) At 7:57 p.m. on January 28, 2015, only eight days before the claim construction hearing, ContentGuard notified the Defendants for the first time that it "plans to rely on Dr. Goodrich's live testimony." (Ex. 1.)[1]

ContentGuard asserts that it should be allowed to present live testimony despite the lack of proper notice to Defendants because of the Supreme Court's recent decision in *Teva Pharmaceuti-*

---

[1] On January 23, 2015, in response to a request to confirm that ContentGuard would not be offering live testimony, ContentGuard suggested that it was "reconsidering the issue." (Ex. 2.) Then, ContentGuard waited almost another week before saying anything more. ContentGuard "may not merely drop a *hint* that it *may*" rely on live testimony. *Lodsys*, 2013 WL 6442185, at *2.

1

*cals USA, Inc. v. Sandoz, Inc.*, 574 U.S. \_\_, 135 S. Ct. 831 (2015). Not only had the Supreme Court granted certiorari in that case on March 31, 2014, but *Teva* also did not alter the rules governing the *disclosure* of expert testimony in claim construction. The decision merely clarified the appellate standard of review for subsidiary factual disputes based on extrinsic evidence bearing on claim construction. 574 U.S. \_\_, at *11–12; *cf. Martinez v. Tex. Dep't Criminal Justice*, 300 F.3d 567, 573 (5th Cir. 2002) ("Normally, we will entertain legal issues raised for the first time on appeal *only* 'in extraordinary instances . . . to avoid a miscarriage of justice.'"). Dr. Goodrich's testimony remains extrinsic evidence whether ContentGuard relies on his declaration or live testimony.

ContentGuard has also represented to Defendants that Dr. Goodrich will not testify outside of the statements made in his declarations. If Dr. Goodrich's testimony will, in fact, be the same as what he stated in his declaration, then there is no need to present it in a different medium.

## II. Allowing ContentGuard to Rely on Live Testimony Would Substantially Prejudice Defendants

If ContentGuard is permitted to call Dr. Goodrich at the claim construction hearing without proper notice, Patent Rule 4-3 is rendered meaningless. In reliance on ContentGuard's representations in its Patent Rule 4-3 disclosures that it would not be offering live testimony, Defendants elected not to depose Dr. Goodrich. Defendants also agreed to the three-hour duration of the hearing with the understanding that there would not be live testimony. For the same reasons, Defendants have not prepared to cross-examine Dr. Goodrich at the hearing and have not made plans to present live testimony of their own expert.

To try to alleviate this prejudice, Defendants suggested rescheduling the claim construction hearing to give Defendants adequate time to depose Dr. Goodrich and to prepare for his live testimony, but ContentGuard refused. ContentGuard offered a two-hour deposition the day before the claim construction hearing. That would not allow Defendants enough time to meaningfully prepare, take, and review a deposition transcript or to prepare their own expert witness.

## CONCLUSION

For the foregoing reasons, the Court should preclude ContentGuard from calling Dr. Goodrich live at the February 6 claim construction hearing.  Because of the urgency of this issue, Defendants respectfully request a telephonic hearing as soon as possible.[2]

---

[2] During the parties' meet and confers on January 29, 2015, counsel for ContentGuard represented that it did not object to the Court holding a telephonic conference on this issue.  In addition, counsel for ContentGuard agreed to respond to this motion by noon on January 30, 2015, so that the Court can resolve this issue quickly, if possible.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 29, 2015 | By: ___/s/ Robert Unikel_____ |

Robert W. Unikel (admitted *pro hac vice*)
KAYE SCHOLER LLP
70 W. Madison St., Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Email: robert.unikel@kayescholer.com

J. Mark Mann
State Bar No. 12926150
Gregory Bake Thompson
State Bar No. 24242033
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Email: mark@themannfirm.com
blake@themannfirm.com

Michael J. Malecek
Timothy K. Chao (admitted *pro hac vice*)
KAYE SCHOLER LLP
3000 El Camino Real
2 Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700
Email: michael.malecek@kayescholer.com
timothy.chao@kayescholer.com

*Attorneys for Google Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 29th day of January, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By /s/ *Robert Unikel*

**CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel has complied with the meet and confer requirement in Local Rule CV-7(h).  Counsel for ContentGuard opposes this motion.  Counsel for Defendants conducted two telephonic meet and confers with counsel for ContentGuard on January 29, 2015, with the following attendees: Glen Summers, Kat Hacker, and Josh Ackerman for Amazon.com, Inc.; Ted Chandler for Apple, Inc.; Eric Findlay for HTC Corp. and HTC America, Inc.; Scott Partridge for Huawei Technologies Co. Ltd. and Huawei Device USA, Inc.; Rob Unikel for Motorola Mobility LLC and Google Inc.; Neil Sirota, Brian Boerman, and Allen Gardner for Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC; and Radu Lelutiu, Sam Baxter, and Holly Engelmann for ContentGuard.  The parties could not reach an agreement, and, therefore, the parties are at an impasse.

/s/ *Robert Unikel*