IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> Google, Inc., <br><br> *Defendant* | Civil Action No. 2:14-cv-00061-JRG <br><br> JURY TRIAL DEMANDED |

## AMENDED DOCKET CONTROL ORDER

After reviewing the Joint Motion to Amend the Docket Control Order, this Court modifies the following deadlines in the Current Docket Control Order (Dkt. No. 94):

| Old Deadline | New Deadline | Event |
|---|---|---|
| September 14, 2015 | Unchanged | 9:00 a.m. JURY SELECTION at the United States District Court, 100 East Houston Street, Marshall, Texas 75670, Courtroom of Rodney Gilstrap |
| July 29, 2015 | Unchanged | *Pretrial Conference- July 29, 2015 1:30 p.m. at the United States District Court, 100 East Houston Street, Marshall, Texas 75670, Courtroom of Rodney Gilstrap |
| July 23, 2015 | Unchanged | *Notify Court of Agreements Reached During Meet and Confer. <br><br> The parties are ordered to meet and confer on any outstanding objections or motions in limine. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. |
| July 21, 2015 | Unchanged | *File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, and Responses to Motions in Limine |

| | | |
|---|---|---|
| July 14, 2015 | Unchanged | *File Notice of Request for Daily Transcript of Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Shelly Holmes, at shelly_holmes@txed.uscourts.gov. |
| July 14, 2015 | Unchanged | File Motions in Limine.<br><br>The parties shall limit their motions in limine to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| July 14, 2015 | Unchanged | Serve Objections to Rebuttal Pretrial Disclosures |
| June 30, 2015 | Unchanged | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| June 16, 2015 | Unchanged | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| May 19, 2015 | Unchanged | *File Dispositive Motions or Motions to Strike Expert Testimony (including Daubert motions)<br><br>No dispositive motion or motion to strike expert testimony (including a Daubert motion) may be filed after this date without leave of Court |
| May 15, 2015 | Unchanged | Deadline to Complete Expert Discovery. |
| April 28, 2015 | Unchanged | Serve Disclosures for Rebuttal Expert Witnesses. |
| April 7, 2015 | Unchanged | Serve Disclosures for Expert Witnesses by the Party with the Burden of Proof |
| March 24, 2015 | Unchanged | *Deadline to File Letter Briefs Regarding Dispositive Motions |
| March 20, 2015 | Unchanged | Deadline to Complete Fact Discovery and File Motions to Compel Discovery |
| March 6, 2015 | April 3, 2015 | Mediation to be completed. |
| February 27, 2015 | Unchanged | Comply with P.R. 3-7 (Opinion of Counsel Defenses) |
| February 6, 2015 | Unchanged | *Claim Construction Hearing – 1:30 p.m. at the United States District Court, 100 East Houston Street, Marshall, Texas 75670, Courtroom of Rodney Gilstrap |

## ADDITIONAL REQUIREMENTS

**Notice of Mediator:** The parties are to jointly file a notice that identifies the agreed upon mediator or indicates that no agreement was reached. If the parties do not reach an agreement, the Court will appoint a mediator. The parties should not file a list of mediators to be considered by the Court.

**Summary Judgment Motions:** Prior to filing any summary judgment motion, the parties must submit letter briefs seeking permission to file the motion. The opening letter brief in each of those matters shall be no longer than five (5) pages and shall be filed with the Court no later than the deadline for filing letter briefs. Answering letter briefs in each of those matters shall be no longer than five (5) pages and filed with the Court no later than fourteen (14) days thereafter. Reply briefs in each of those matters shall be no longer than three (3) pages and filed with the Court no later than five (5) days thereafter. The Court may decide the question on the submissions or hold a hearing or telephone conference to hear arguments and to determine whether the filing of any motion will be permitted. Letter briefs shall be filed without exhibits. Any requests to submit letter briefs after the deadlines outlined above must show good cause.

**Indefiniteness:** In lieu of early motions for summary judgment, the parties are directed to include any arguments related to the issue of indefiniteness in their *Markman* briefing, subject to the local rules' normal page limits.

**Motion for Continuance:** The following excuses will not warrant a continuance nor justify a failure to comply with a discovery deadline:

(a) The fact that there are motions for summary judgment or motions to dismiss pending;

(b) The fact that one or more of the attorneys is set for trial in another court on the same day, unless the other setting was made prior to the date of this order or was made as a special provision for the parties in the other case;

(c) The failure to complete discovery prior to trial, unless the parties can demonstrate that it was impossible to complete discovery despite their good faith effort to do so.

**Amendments to the Docket Control Order ("DCO"):** Any motion to alter any date on the DCO shall take the form of motion to amend the DCO. The motion to amend the DCO shall include a proposed order that lists all of the remaining dates in one column (as above) and the proposed changes to each date in an additional adjacent column (as above) and the proposed changes to each date in an additional adjacent column (if there is no change for a date the proposed date column should remain blank or indicate that it is unchanged). In other words, the DCO in the proposed order should be complete such that one can clearly see all the remaining deadlines and the changes, if any, to those deadlines, rather than needing to also refer to an earlier version of the DCO.

**So ORDERED and SIGNED this 30th day of January, 2015.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE