# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Google Inc. <br><br> Defendant. | Civil Action No. 2:14-cv-61-JRG <br> JURY TRIAL DEMANDED |

**GOOGLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR PROTECTIVE ORDER
TO PREVENT DISCLOSURE OF CONFIDENTIAL INFORMAITON
TO CATHARINE LAWTON**

Google's position is simple. Given that Ms. Lawton is not being offered as an expert in this litigation and/or against Google, there is no legitimate reason why she should be permitted to review Google's confidential information produced during discovery in this case. ContentGuard's communications and briefing stop well short of establishing a genuine or specifically-articulated need for Ms. Lawton to review Google's protected documents. The Court is thus empowered to issue a protective order precluding Ms. Lawton from needlessly accessing Google's highly-sensitive, confidential information, and Google seeks only this specific and narrowly-tailored relief, not disqualification of Ms. Lawton altogether.

ContentGuard's Opposition attempts to conflate and confuse the issues. Inexplicably, ContentGuard asserts that Google's motion "pushes the envelope further" (Dkt. No. 130 at 1) than a recent filing by Motorola – a company now wholly separate and distinct from Google – in the separate *Amazon* action seeking disqualification of a different expert, Dr. David Teece, based on a different set of circumstances. (*See* co-pending *Amazon* Dkt. No. 350.) Beyond the fact that both Ms. Lawton and Dr. Teece seem equally inclined to disregard their contractual obligations to their clients, there is no connection whatsoever between Motorola's motion and Google's present motion; ContentGuard's efforts to somehow join and impugn those motions is nothing but a red herring.

To the extent that ContentGuard is now suggesting, even if less than explicitly, that Ms. Lawton needs to review *confidential* Google materials relating to the value of digital rights management technologies, the value and/or extent of use of Google's Google Play "apps" (which are accused of infringing ContentGuard's patents when used on devices made by Samsung, HTC, Huawei and Amazon), or Google's financial data in order to establish her expert damages case against Samsung or HTC or Huawei or Amazon, there can be little doubt that Ms. Lawton will be offering testimony that is directly and/or indirectly adverse to Google. Yet,

1

ContentGuard cannot dispute that Ms. Lawton is contractually prohibited from offering such adverse testimony or consultation. Indeed, it is precisely for this reason that ContentGuard is *not* using Ms. Lawton as an expert against Google.

The Amended Protective Order is designed and intended to prevent individuals who are not legitimately involved in this case – individuals like Ms. Lawton – from reviewing highly-sensitive, confidential materials produced by the parties, including, especially, Google. ContentGuard and Ms. Lawton cannot be permitted to run an "end around" the Amended Protective Order and Ms. Lawton's contract with Google by disingenuously declaring that her inherently adverse and damaging testimony is not being offered *directly* against Google. ContentGuard could have selected, and still has ample time to select, a damages expert who does not have an existing contractual relationship with Google prohibiting him or her from serving adversely to Google. If ContentGuard insists on sticking with Ms. Lawton, then she should be held to the terms of her agreement and should at least be prevented from using Google's confidential information in a way that inherently is detrimental to Google.

I. **CONTENTGUARD PROVIDES NO SPECIFIC OR LEGITIMATE REASON WHY MS. LAWTON NEEDS ACCESS TO GOOGLE CONFIDENTIAL INFORMATION**

Despite ContentGuard's representation and promise that Ms. Lawton is not acting as an expert against Google, ContentGuard continues to assert that she should be granted access to Google confidential information without providing any specific reasons why. Instead, ContentGuard identifies only generic examples of the types of documents that Ms. Lawton may review, and ContentGuard simply declares – without any rational explanation – that Ms. Lawton needs access to these materials to conduct her work against defendants in the separate *Amazon* action. (Dkt. No. 130 at 3.) Amazingly, ContentGuard does not even suggest any limits on the

2

Google confidential information that Ms. Lawton may be given access to: ContentGuard wants to be sure that Ms. Lawton has access to *everything* Google produces.

The Amended Protective Order prevents non-parties and other unauthorized/uninvolved individuals from gaining access to Google's extremely sensitive, confidential materials. ContentGuard offers no legitimate reason why Ms. Lawton should be excepted from the Amended Protective Order's terms. (Dkt. No. 69.)

## II. CONTENTGUARD IS PROHIBITED FROM SHARING GOOGLE CONFIDENTIAL INFORMATION WITH DEFEDNANTS IN THE *AMAZON* ACTION

ContentGuard cannot dispute that the Amended Protective Order expressly prohibits ContentGuard from sharing Google confidential information with any of the defendants in the *Amazon* action. That Google has agreed to the production of certain Google information in the *Amazon* action pursuant to subpoena does not diminish or waive Google's protections under the Amended Protective Order or suggest that Google is "unreasonably" withholding its consent to the sharing of confidential information with Ms. Lawton. (*See* Dkt. No. 69 ¶ 6(f).) Google is entitled to object to its highly sensitive materials being accessed by any person who does not need them and/or who may misuse them. Given that Ms. Lawton both (a) supposedly is not being offered as an expert against Google, and (b) is contractually bound not to act as an expert adverse to Google (see below), Google's objection to Ms. Lawton's desired use and disclosure of Google's produced, confidential materials in the *Amazon* action is more than "reasonable."

## III. MS. LAWTON IS EXPRESSLY PROHIBITED FROM BEING ADVERSE TO GOOGLE IN ANY ACTION

As noted, Ms. Lawton explicitly and knowingly agreed, in her expert consulting contract with Google, not to consult or testify adverse to Google during the term of her engagement. (Dkt. No. 128, Ex. B.) Ms. Lawton's engagement with Google remains very active – in fact, that matter is scheduled for trial in August 2015. (Dkt. No. 128, Ex. D.) Yet, ContentGuard and Ms.

3

Lawton now seek to avoid the effects of her contract simply by offering Ms. Lawton as an expert against defendants in the *Amazon* action – never mind that those defendants are being accused of infringement largely, if not exclusively, based on their devices' ability to run certain Google Play "apps". Ultimately, there is no conceivable way that Ms. Lawton could review Google's confidential information, and use that information to formulate damages opinions and testimony adverse to the device manufacturers who are being accused of infringement based on use of Google's "apps", without Ms. Lawton's testimony being directly and/or indirectly adverse to Google and its interests in this case.[1]

Despite this fact, Google has *not* asked that Ms. Lawton be held to her contractual obligations and disqualified as an expert altogether. Google reasonably only asks that Ms. Lawton be prevented from accessing and using Google's own confidential information in her effort to evaluate damages against the *Amazon* action defendants. If Content truly feels that it needs a damages expert against Samsung, HTC, Huawei and Amazon who can freely review Google's confidential information, then ContentGuard still has two months in which to find an expert who has not contractually committed herself to Google.

## CONCLUSION

For the foregoing reasons, Google respectfully moves the Court to issue a protective order preventing the disclosure of any Google confidential information to Catharine Ms. Lawton in this matter in connection with her work for ContentGuard.

Respectfully submitted,

Dated: February 3, 2015

---

[1] Even if ContentGuard were to effectively compartmentalize Ms. Lawton and limit her work to the *Amazon* action, there is a significant risk that Ms. Lawton's opinions or analyses will be inadvertently – and improperly – used against Google in this litigation. Courts have recognized this risk, as it is "very difficult for the human mind to compartmentalize and selectively suppress information once learned, no matter how well-intentioned the effort may be to do so." *Saso Golf, Inc. v. Nike, Inc.*, 2009 WL 3242112, at *3-4 (N.D. Ill. 2009).

4

By: */s/ Robert Unikel*

Robert W. Unikel (admitted *pro hac vice*)
KAYE SCHOLER LLP
70 W. Madison St., Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2300
Facsimile: (312) 583-2360
Email: robert.unikel@kayescholer.com

J. Mark Mann
State Bar No. 12926150
Gregory Bake Thompson
State Bar No. 24242033
MANN TINDEL & THOMPSON
300 W. Main
Henderson, TX 75652
Telephone: (903) 657-8540
Facsimile: (903) 657-6003
Email: mark@themannfirm.com
blake@themannfirm.com

Michael J. Malecek
Timothy K. Chao (admitted *pro hac vice*)
KAYE SCHOLER LLP
3000 El Camino Real
2 Palo Alto Square, Suite 400
Palo Alto, CA 94306
Telephone: (650) 319-4500
Facsimile: (650) 319-4700
Email: michael.malecek@kayescholer.com
timothy.chao@kayescholer.com

*Attorneys for Defendant Motorola Mobility LLC*

5

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 3rd day of February, 2015, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

By  /s/ *Robert Unikel*

## CERTIFICATE OF CONFERENCE

On January 15, 2015, counsel for ContentGuard, Radu Lelutiu, and counsel for Motorola Mobility LLC, Robert Unikel and Marisa Williams, conducted a telephonic meet-and-confer conference with regard to the subject of this motion.  The Parties reached an impasse and were unable to resolve the issues raised by this motion in any subsequent discussions.

/s/ *Robert Unikel*