**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| CONTENTGUARD HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:13-CV-1112-JRG |
| | § | |
| AMAZON.COM, INC., et al., | § | |
| | § | |
| *Defendants*. | § | |
| | § | |
| | § | |
| CONTENT GUARD HOLDINGS, INC., | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Case No. 2:14-CV-61-JRG |
| | § | |
| GOOGLE, INC., | § | |
| | § | |
| *Defendant*. | § | |

## <u>ORDER</u>

The Court enters this Order *sua sponte*.  As this Court most recently discussed in its July 29, 2015 Order, the Court will hold separate trials in this case.  (Dkt. No. 815.)  Before the Court are the Parties' proposed jury instructions for each of the two immediately pending trials in this case.  (Dkt. Nos. 790 and 791.)  Having reviewed these submissions, the Court observes that, while the submissions offer some similarities, the two submissions are effectively separate (often significantly) proposed and competing instructions.

As the Court recently stated in an Order on motions *in limine*, "absent a showing of specific material factual differences between one case and the others," the Court intends to apply

the same rulings in both the pending trials.[1]  (Dkt. No. 785.)  The Court's reasoning in applying consistent rulings across the trials also applies to the Court's instructions to the jury.  Therefore, to the extent that a legal issue is implicated in both pending trials, the Court expects to provide an identical instruction on that legal issue to the jury in both pending trials.

The Court therefore ORDERS the Parties to the pending trials[2] to meet and confer and to file the following with the Court by Friday, August 28, 2015:

- A *single* revised *joint* proposed jury instruction.  The Court expects that certain portions of this joint instruction will necessarily include some variations, such as for party names, asserted claims, and descriptions of the parties and the accused products.  Further, the Court recognizes that certain legal issues are not shared between the two cases, and that issues specific to one case or the other will necessarily be included in the joint instruction as a case-specific section.  However, other than these exceptions, the Court does not expect the Parties' joint proposed jury instruction to contain case-specific variations; and

- A *single* revised *joint* proposed verdict form (subject to the same exceptions set forth above).

In meeting and conferring to submit the revised joint proposed jury instruction, the Court also expects that the Parties will *diligently* apply their best efforts to further narrow their numerous outstanding disputes regarding the proposed jury instruction.

---

[1] The Court also reiterated this point throughout the five days of pretrial hearings that recently occurred in this case.

[2] For the purposes of this Order, the Court does not consider the parties to this action that are stayed as having actively pending trials.

**So ORDERED and SIGNED this 19th day of August, 2015.**

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE