**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| ContentGuard Holdings, Inc., <br><br>        Plaintiff, <br>v. <br>Amazon.com, et al., <br><br>        Defendants. | Civil Action No. 2:13-cv-01112-JRG |
| ContentGuard Holdings, Inc., <br><br>        Plaintiff, <br>v. <br>Google, Inc. <br><br>        Defendant. | Civil Action No. 2:14-cv-0061-JRG |

## ContentGuard's Response to Defendants' Objections to Stefik Direct Slides 34 and 35[1] and Opening Slide 16

Defendants' objections should be overruled for two reasons: this Court has already decided that ContentGuard is entitled to present its written description theory to the jury, and the Defendants mischaracterize this Court's Claim Construction Order.

## This Court Already Held that ContentGuard is Entitled to Present its Written Description Theory to Jury

Google's objections are subsumed by a single issue that the Court has already resolved in ContentGuard's favor: whether a genuine issue of material fact exists as to whether the Stefik disclosure provides written description for the claims of the '072 patent. Defendants sought

---

[1] Defendants' motion papers also list but fail to address slide 33. Slide 33 was never objected to and was not subject to a meet and confer. Identical graphics are present elsewhere in Dr. Stefik's slides. It is unclear what, if anything, would be objectionable regarding slide 33.

Summary Judgment that the asserted claims of the '072 patent lacked written description because they require rights and content to be stored in separate files or on separate devices. Dkt. 184-1 at 3-4 (Ex. 1). In their briefing, Defendants argued that the Court's Claim Construction order precluded any possible argument that the Stefik disclosure taught rights that could be stored separately from content, either in separate files or on separate devices.  ContentGuard responded to Defendants' brief, citing figures 5-10 and 8:51-10:45 of the '072 patent (8:46-10:43 of the '859 disclosure). Dkt. 205-1 at 2-3 (Ex. 2). ContentGuard argued that the cited portion of the specification and accompanying figures taught storage of usage rights separate from content, and that this teaching created a genuine issue of material fact appropriate for resolution by a finder of fact. Dkt. 205-1 at 3. Defendants' reply reiterated their position that the Court's Claim Construction Order precluded ContentGuard's theory of written description. Dkt. 209-1 at 2 (Ex. 3). The Court sided with ContentGuard, finding a genuine issue of material fact remained as to Defendants' written description argument. Dkt. 217 at 2 (Ex. 4).  The Court should not permit Defendants to disregard the Court's ruling, and should allow ContentGuard to present its written description theory to the jury.

**Defendants Mischaracterize this Court's Claim Construction Order**

Defendants' argument mischaracterizes this Court's claim construction order with regard to the location of storage of rights and content in the embodiments described in the Stefik disclosure.[2]  The Court addressed "usage right" in two parts, one part treating the parties' "language" dispute and one part treating the parties' "permanent attachment" dispute. Dkt. 459 (1112 case) at 23-33 (Ex. 6).  In the Court's treatment of the parties' "language" dispute, the Court relied upon the specification's written description of the usage rights stored in the

---

[2] Neither party sought a construction specifying how rights or content could be stored, whether in separate files, separate devices, or otherwise.

2

description blocks to determine that the patent taught expressing rights as a "right code" that could be *stored* in numerical order *in the rights portion of the description block*. *Id*. at p. 25. In the Court's treatment of Defendants' "permanent attachment" claim construction argument, the Court recognized that the patent suggests storage of rights and content *in separate "descriptor" and "contents" files, even on separate devices*. *Id*. at 29. This Court's Claim Construction order thus addresses and acknowledges that portions of the specification are consistent with ContentGuard's written description theory (highlighted in yellow in pages 25 and 29 of Ex. 6).

Importantly, the Court never finds that the specification teaches a requirement that usage rights and content must be in the same file. Neither the Court nor the Defendants ever cited such a teaching because no such teaching exists. The Court likewise cited no teaching showing that the "description" of the rights and the data structure containing the rights are distinct or separate data structures within the Stefik disclosure. The Court's Claim Construction Order expresses no opinion regarding the location in which rights are stored. The Court's statement that "on the whole … the specification refers to a 'description tree' as containing description of usage rights rather than usage rights themselves" does not in any way address where the rights and content must be stored.

If Defendants believed that the Court's reasoning in its Claim Construction Order mandated a construction of usage rights requiring usage rights to be in the same file or otherwise inseparable from their corresponding content, Defendants have waived the ability to make that argument now. The Court pointedly asked the parties whether anyone wanted to reopen Claim Construction at the July 27 Daubert hearing, and Defendants failed to seek to add their "single file" theory at that time. Ex. 5 at 31:1-32:13. They also failed to advance such a construction

during the original Markman process. Having done so, they are precluded from injecting a new claim construction now, during trial.

ContentGuard intends to faithfully follow the Court's Daubert and Limine orders with both its attorney argument and expert and fact witness testimony.  The Court barred ContentGuard from advancing a theory that "a mere reference and nothing more" was sufficient to meet the "attached or treated as attached" construction, but went no further. ContentGuard will abide by the Court's Construction, and nothing in the objected-to slides indicates or implies otherwise.

Dated:  September 14, 2015

Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
MCKOOL SMITH, P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
Telephone:  (903) 923-9000
Facsimile: (903) 923-9099

Robert A. Cote
rcote@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
David R. Dehoney
ddehoney@mckoolsmith.com
Angela M. Vorpahl
avorpahl@mckoolsmith.com
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
Telephone: (212) 402-9400
Facsimile: (212) 402-9444

Holly E. Engelmann
hengelmann@mckoolsmith.com
Seth R. Hasenour
shasenour@mckoolsmith.com
MCKOOL SMITH P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Facsimile:   (214) 978-4044

Dirk D. Thomas
dthomas@mckoolsmith.com
MCKOOL SMITH P.C.
1999 K Street, NW
Suite 600
Washington, DC 20006
Telephone: (202) 370-8302
Facsimile: (202) 370-8344

**ATTORNEYS FOR CONTENTGUARD HOLDINGS, INC.**

### CERTIFICATE OF SERVICE

    I certify that counsel of record who are deemed to have consented to electronic service are being served on September 14, 2015, with a copy of this document via the Court's CM/ECF systems per Local Rule CV-5(a)(3). Any other counsel with be served by electronic mail, facsimile, overnight delivery and/or First Class Mail on this date.

/s/ *Phillip Aurentz*
Phillip Aurentz